## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Justin Dean Priebnow (5),

        Defendant.

Case No. 23-cr-319 DWF/ECW

**REPORT & RECOMMENDATION**

---

This matter is before the Court on Defendant Justin Dean Priebnow's Pretrial Motion for Severance from Codefendants (Dkt. 169).

This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2023, Defendant Justin Dean Priebnow and four codefendants were charged in Count 1 with Conspiracy to Distribute Methamphetamine, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, beginning in or about December 2021 and continuing through in or about September 2023.  (Dkt. 1 at 1 (Count 1).)  Priebnow was also charged with Count 4 regarding Attempt to Possess with Intent to Distribute Methamphetamine, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, where Count 4 alleged the conduct occurred on or about September 20, 2023.  (*Id*. at 3 (Count 4).) Counts 2 and 3 allege that another codefendant attempted to possess methamphetamine

and was a felon in possession of a firearm on or about August 19, 2023.  (*Id.* at 2-3 (Counts 2 and 3).)

Priebnow's Motion for Severance seeks an order severing him from his codefendants.  (Dkt. 169.)  He argues in an accompanying memorandum that his case should be severed from his codefendants' cases because it involves a cooperating codefendant and a cooperating witness, making his case "irreconcilable to his codefendants as charged in Count I."  (Dkt. 179 at 1-3.)  He also argues that the jury will be unable to compartmentalize the evidence against him given the number of codefendants and the cooperating witnesses, and because he is "less involved in the conspiracy than his codefendants."  (*Id*. at 2-3.)  Plaintiff United States of America ("the Government") counters that Priebnow has not shown that his defense is irreconcilable with that of his codefendants and that the jury will be able to compartmentalize the evidence against him.  (Dkt. 181 at 3-6.)

## II.    ANALYSIS

Rule 8 of the Federal Rules of Criminal Procedure states:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

2

Fed. R. Crim. P. 8

"Where an indictment joins defendants as well as offenses, the propriety of the joinder of offenses is governed by Rule 8(b), rather than Rule 8(a)." *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012) (citing *United States v. Jones*, 880 F.2d 55, 60–61 (8th Cir. 1989)). The language of Rule 8(a) does not allow joinder on the same basis as 8(b), as the words "same or similar character" are omitted from 8(b). *Id.* Therefore, "[f]or offenses to be properly joined in an indictment that also joins defendants, the offenses must be part of 'the same series of acts or transactions.'" *Id.* "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *Id.* (citation omitted); *see also United States v. Wadena*, 152 F.3d 831, 848 (8th Cir.1998) (citation omitted) ("Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme.").

Here, Count 1 of the Indictment charges a conspiracy violation against Priebnow and four codefendants for the distribution of methamphetamine from December 2021 to September 2023. (Dkt. 1 at 1.) Priebnow is also charged with attempted possession of methamphetamine with intent to distribute on or about September 20, 2023—within this timeframe—and another codefendant is charged with the same (as well as being a felon in possession of a firearm) within this timeframe. (*Id*. at 2-3.) Given that the conspiracy count is intertwined with the individual counts, the Court finds that the Indictment sufficiently alleges that the joined defendants and counts are factually interrelated

relating to a common scheme—the distribution of methamphetamine. *See United States v. Sotelo-Valdovinos*, No. 14-CR-289 SRN/JSM, 2015 WL 2454048, at *3 (D. Minn. May 22, 2015) (finding joinder of the defendants accused of a narcotics distribution conspiracy, as well as individual charges related to the narcotics distribution, to be appropriate under Rule 8(b)).

The Eighth Circuit reads Rules 8 and 14 in favor of joinder, and the presumption against severing properly joined cases is strong. *See United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) ("The presumption against severing properly joined cases is strong. It is not enough that a defendant thinks his chances for acquittal would be better in a separate trial." (citation omitted)). This strong presumption for a joint trial is especially compelling when defendants indicted together are charged as coconspirators. *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015) (citing *United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir. 1997)). "Generally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011) (quoting *United States v. Arenal*, 768 F.2d 263, 267–68 (8th Cir. 1985)). However, the Court may order separate trials of the counts if joinder "appears to prejudice a defendant or the government. . . ." Fed. R. Civ. P. 14(a). "A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v.*

*Washington*, 318 F.3d 845, 858 (8th Cir. 2003) (citing *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995)).

## A.    Whether Priebnow's Defenses are Irreconcilable with His Codefendants'

Priebnow argues that police reports disclosed by the Government show irreconcilable defenses between Priebnow and his codefendants. (Dkt. 179 at 2.)

> "A defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another." [*United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009)] (quoting *United States v. Johnson*, 944 F.2d 396, 402 (8th Cir. 1991)). However, even irreconcilable defenses "are not prejudicial per se." [*Zafiro v. United States*, 506 U.S. 534, 538 (1993)]. "Antagonistic defenses require severance 'only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *Lewis*, 557 F.3d at 610 (ellipsis omitted) (quoting *United States v. Ortiz*, 315 F.3d 873, 898 (8th Cir. 2002)). "It is not sufficient that one defendant be taking the position that he knew nothing of the crime while asserting that his codefendant was involved." *Id*. (quoting *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir. 1986)).

*United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015).

Priebnow alleges that agents met with a cooperating defendant who was seeking leniency on a drug charge that had occurred a couple of days before the meeting. (Dkt. 179 at 2.) According to Priebnow, in an effort to implicate others rather than themself, this cooperating defendant allegedly provided information related to Priebnow and codefendant John Joseph Hinderscheid that implicated them in the current conspiracy. (*Id*.) Priebnow alleges that the cooperating defendant's statements indicate that Priebnow's defense is irreconcilable with codefendant Hinderscheid's defense. (*Id*.) The Government counters that Priebnow has failed to explain how exactly Priebnow and Hinderscheid's defenses are irreconcilable. (Dkt. 181 at 3.) The Court agrees. That one

codefendant may take the position that he or she knew nothing of the crime while asserting that the other codefendant was involved is insufficient to establish irreconcilable defenses. *See Anderson*, 783 F.3d at 743. And, as the Government points out (Dkt. 181 at 3-4), practically, being implicated by a third party as coconspirators in a crime is not enough to establish that the defenses are irreconcilable, as Priebnow and Hinderscheid could proffer the same defense: that the cooperating defendant is being untruthful and has a motive to lie. Priebnow has not offered sufficient evidence to establish that his defense is irreconcilable with that of codefendant Hinderscheid.

Priebnow's next argument suffers from the same deficiency. Priebnow argues that codefendant Barbara Jean Elshaug provided a statement to law enforcement that codefendant Trevor Andrew Schlief was her source of methamphetamine, and that codefendant Schlief sourced her methamphetamine through Priebnow and Hinderscheid. (Dkt. 179 at 2.) Priebnow argues that this statement shows that his defense is irreconcilable with codefendant Elshaug's defense. (*Id.*) However, like above, without more specific information about his defense and his codefendant's defense, Priebnow has failed to show that the defenses are irreconcilable. Priebnow's arguments are speculative at this point. It is not enough for Priebnow to merely state that the defenses are irreconcilable because codefendant Elshaug is taking the position that she was less involved in the crime while asserting that Priebnow was more involved. *See Anderson*, 783 F.3d at 743.

Relatedly, Priebnow argues that codefendant Elshaug's statements will implicate Priebnow at trial and create a conflict with his Fifth Amendment right to remain silent, and also create confrontation clause issues if codefendant Elshaug does not testify. (Dkt. 179 at 2-3 (citing *Bruton v. United States*, 391 U.S. 123, 137 (1968) (confirming constitutional right of cross-examination for defendant whose codefendant's confession implicated him and where codefendant did not testify).)  Addressing Priebnow's Fifth Amendment argument first, any argument that Priebnow may be forced to take the stand to rebut a statement from a codefendant is unpersuasive. Priebnow could feel pressured to rebut through testimony **any** incriminating evidence, not simply the testimony of a codefendant. Moreover, as the Government counters, Priebnow can rebut the evidence through other means, namely through cross-examination and subpoenaing his own witnesses. (Dkt. 181 at 5.) Finally, this problem would likely not go away with a severed trial, as the Government represents that it would "seek to present cooperator testimony in either case." (*Id.*)

Moving to Priebnow's confrontation clause argument, the Government proffers that it "believes Ms. Elshaug would testify at trial to offer evidence against the remaining codefendants and would therefore be subject to the requisite cross-examination, avoiding any confrontation issues." (*Id.* at 4.) The Government continues: "[i]f Ms. Elshaug does not testify, however, the government is mindful of counsel's *Bruton* concerns, and will propose sanitized versions of any statement (excluding any reference to Mr. Priebnow) for review by the defense and trial judge." (*Id.*) With these representations by the

7

Government in mind and depending on what evidence the Government seeks to introduce at trial, the Court reminds the parties that "[s]everance is a remedy that can be provided at the time of trial if appropriate under the circumstances." *United States v. Fasthorse*, No. 15CR165 (JRT/LIB), 2015 WL 10382347, at *5 (D. Minn. Nov. 19, 2015) (quoting *United State v. Billups*, No. 06-cr-129 (PJS/AJB), F. Supp. 2d 697, 706 (D. Minn. 2006), *R. & R. adopted*, 2016 WL 829903 (D. Minn. Mar. 1, 2016)).

## B.    Whether the Jury will be Unable to Compartmentalize the Evidence

Priebnow objects to a joint trial on the Counts because he believes the jury will be unable to compartmentalize the evidence against him, especially because he alleges he "is less involved in the conspiracy than his codefendants." (Dkt. 179 at 3.) However, "[s]everance is not required merely because evidence which is admissible only against some defendants may be damaging to others." *Delpit*, 94 F.3d at 1143. Indeed, risk of prejudice posed by joint trials is best cured by careful and thorough limiting instructions to the jury. *Id.* at 1144 (citing *Zafiro*, 506 U.S. at 539). Speculative allegations of prejudice do not amount to the "showing of real prejudice" required before severance is mandated. *See United States v. Finn*, 919 F. Supp. 1305, 1324 (D. Minn. 1995) (in denying motion to sever, court stated that "we have not been presented with any cogent showing that the evidence at trial will be so complex or confusing that . . . a jury will be disposed to cumulate the evidence against each defendant."); *see also United States v. Garrett*, 961 F.2d 743, 746 (8th Cir. 1992) (defendant "must make a showing of real

8

prejudice by demonstrating that the jury was unable to compartmentalize the evidence. . . .") (marks and citation omitted).

Priebnow has only offered boilerplate statements of potential prejudice dealing with being associated with his codefendants by the jury. Such conclusory statements that he will suffer prejudice are insufficient. Moreover, Priebnow has not shown that an appropriate limiting instruction will not sufficiently alleviate the prejudice related to his codefendants' actions. *See United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) (finding that any risk that a joint trial will prejudice the defendant could be "cured by careful and thorough jury instructions" (citations omitted)). Priebnow has not shown that the jury will be unable to compartmentalize the evidence against him.

* * *

Because Priebnow has not shown that his defenses are irreconcilable with that of his codefendants or that the jury will be unable to compartmentalize the evidence against him, *see Washington*, 318 F.3d at 858, Priebnow's motion to sever should be denied at this time. Again, "[s]everance is a remedy that can be provided at the time of trial if appropriate under the circumstances." *Fasthorse*, 2015 WL 10382347, at *5.

## IV.    RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:** Defendant Justin Dean Priebnow's Pretrial Motion for Severance from Codefendants (Dkt. 169) be **DENIED**.

9

DATED: August 12, 2024                    _s/Elizabeth Cowan Wright_
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).